```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
VIANEY VENTURA, *Individually and on*        :
*behalf of others similarly situated*,       :
                                             :
                            Plaintiff,       :
                                             :   **MEMORANDUM**
            - against -                      :   **DECISION AND ORDER**
                                             :
FRANCISCO HERREROS, AMADO                    :   18-cv-6478 (BMC)
HERREROS, and GAL FOOD CORP. d/b/a           :
TACOS AL SUADERO,                            :
                                             :
                            Defendants.      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff alleges that defendants failed to pay her minimum and overtime wages as required by the Fair Labor Standards Act and corresponding provisions of the New York State Labor Law. Before me is plaintiff's motion for a default judgment. The motion is granted.

## BACKGROUND

According to the complaint and plaintiff's affidavit, plaintiff worked as a cashier and food packer for defendants from January 14, 2017 through October 14, 2018. On Fridays, Saturdays, and Sundays she worked from 10 a.m until 8 p.m. and on Mondays and Tuesdays she worked from 8 p.m. until 8 a.m., for a total of 54 hours per week.

She was paid $30 per day, regardless of the hours worked per week, until the last four months of her employment, when she was paid $50 per day. She also received $70-80 per day in tips, which were pooled with the waiters. Defendants never provided plaintiff with a written notice of her rate of pay, or verbal or written information regarding the minimum wage for tipped workers. Plaintiff seeks $117.906 in compensatory and liquidated damages, plus post-judgment interest and attorney's fees.

**DISCUSSION**

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Although a court may conduct hearings to determine the amount of damages, as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

There is no need for a hearing here. Plaintiff's affidavit constitutes adequate proof of her damages, so there is no need for plaintiff to appear to repeat the statements in her affidavit. Plaintiff has accurately computed her damages, except, as discussed below, with respect to spread of hours pay.

A plaintiff is awarded "spread-of-hours wages for the days he worked in excess of ten hours, but not for the days he worked exactly ten hours." Bedasie v. Mr. Z Towing, Inc., No. 13-cv-5453, 2017 WL 1135727, at *39, n.56 (E.D.N.Y. Mar. 24, 2017). Plaintiff worked 12 hours a day two days a week and 10 hours a day three days a week. Therefore, she is only entitled to spread of hours pay for two days a week, not the five days per week of spread of hours pay that plaintiff includes in her calculation of damages. As adjusted, plaintiff is entitled to $111,408 in damages.

In addition, plaintiff seeks recovery of $3,505.85 in attorneys' fees plus $553 in disbursements. The fees are the product of 9.27 hours of work, which is reasonable for the tasks undertaken. The 9.27 hours of work include 7.8 hours by a partner; 1.25 hours by another attorney, who appears to be a senior associate; and 0.22 hours of work by another individual who appears to be a paralegal or have a comparable position.

Although plaintiff has not provided the hourly rates for these three individuals, the total amount of fees requested is reasonable in light of allowable rates for this district. See Gil v. Frantzis, No. 17-CV-1520, 2018 WL 4522094, at *14 (E.D.N.Y. Aug. 17, 2018). The $553 in disbursements is also reasonable.

## CONCLUSION

The [11] motion for a default judgment is granted. Judgment will be entered accordingly.

**SO ORDERED.**

                                                                                            U.S.D.J.

Dated: Brooklyn, New York
       January 25, 2019